UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID M. DENNING, *et al.*,<br><br>    Plaintiffs,<br>    v.<br><br>DEPARTMENT OF THE TREASURY, *et al.*,<br><br>    Defendants. | Case No. 3:23-cv-00149-ART-CLB<br><br>ORDER |

Plaintiffs David M. Denning and Valerie Denning bring this case against the Department of the Treasury, the Internal Revenue Service, and the United States of America, alleging Defendants owe them more than $150,000 in overpaid taxes. Before the Court is Defendants' Motion to Dismiss (ECF No. 12), which argues that this Court lacks subject matter jurisdiction over Plaintiffs' claims, that their claims are otherwise non-meritorious, and that Plaintiffs have failed to properly serve Defendants. As detailed below, this Court concludes that it does not have jurisdiction over this case and grants Defendants' motion.

## I.  BACKGROUND

Between 2015 and 2018, Plaintiffs reported to the IRS that they received combined annual incomes ranging from $126,000 to $220,000. (ECF No. 1-2 at 2, 11, 21, 25.) In 2019, they decided that this money, which they received from their employers, did not constitute "income" subject to federal income tax. (*See* ECF Nos. 1 at 6; 16 at 7.) They then filed amended income tax returns (1040Xs), which claimed their combined annual income fell between $2,175 (2015) and $0 (2016, 2017, and 2018). (ECF No. 1-2 at 2, 11, 21, 25.) In 2019 and 2020, they again claimed incomes of $0, this time directly on their joint income tax returns. (*Id.* at 33, 36.) These amounts directly conflict with the information on their W-2s, which the IRS received from their employers. (*See id.* at 35, 38.)

Plaintiffs then filed a Complaint (ECF No. 1) with this Court, seeking remuneration of $153,416, which is the amount they claim to have overpaid in taxes between 2015 and 2020, plus interest. Defendants responded by filing a Motion to Dismiss (ECF No. 12), which is the subject of this Order.

## II.     LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the validity of a legal claim based on a federal court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In cases against the United States, the government enjoys sovereign immunity from lawsuits "save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976). Because a waiver of sovereign immunity creates subject matter jurisdiction, when a claim exceeds the scope of the government's waiver of sovereign immunity, "the court lacks subject matter jurisdiction," and the claim must be dismissed under Fed. R. Civ. P. 12(b)(1). *Morales v. United States*, 895 F.3d 708, 713 (9th Cir. 2018). Any waiver of sovereign immunity "is to be strictly construed, in terms of its scope, in favor of the sovereign." *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). The party asserting claims in federal court bears the burden of demonstrating the court's jurisdiction over those claims. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

## III.    DISCUSSION

Because this motion can be resolved on jurisdictional grounds, the Court does not reach Defendants' arguments related to service or sufficiency of the pleadings.

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs have failed to exhaust their administrative remedies before bringing their case in federal court, as required by 26 U.S.C. §

7422(a). Plaintiffs respond that they exhausted their administrative remedies when they filed valid tax returns and 1040X forms, which constitute "claims for credit or refund" under § 7422(a) and therefore satisfy § 7422(a)'s exhaustion requirement. Plaintiffs also point to a Letter of Disallowance from the IRS, (ECF No. 16-1 at 3-5) which they believe constitutes an independent waiver of sovereign immunity.

Congress has waived the U.S.'s immunity from civil actions seeking to recover erroneously assessed taxes. 28 U.S.C. § 1346(a)(1). To fall within the scope of this waiver and sue in federal court, plaintiffs must first exhaust their administrative remedies by filing "a claim for refund or credit." 26 U.S.C. § 7422(a). Income tax returns and amended income tax returns, such as the ones Plaintiffs filed between 2015 and 2020, may constitute claims for refund or credit, but only if they comply with applicable regulations. 26 C.F.R. § 301.6402-3(a)(5); 26 U.S.C. § 7422(a) (to establish federal jurisdiction, claims must comply with applicable "provisions of law . . . and . . . regulations"). Specifically, Plaintiffs' claims must be "properly executed" and must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to appraise the Commissioner of the exact basis thereof." 26 C.F.R. §§ 301.6402–3(a)(5); 301.6402–2(b)(1). If Plaintiffs cannot demonstrate this, their claims "will not be considered for any purpose as [claims] for refund or credit" and they will not be entitled to sue in federal court. 26 C.F.R. § 301.6402–2(b)(1).

Many courts have held that "forms that lack essential information— particularly, forms that are replete with zeros in place of a taxpayer's income— are not tax returns within the meaning of the Internal Revenue Code and thus cannot serve as a basis for a tax refund suit." *Waltner v. United States*, 679 F.3d 1329, 1334 (Fed. Cir. 2012); *see, e.g.*, *Kehmeier v. United States*, 95 Fed.Cl. 442, 445 (2010) ("tax returns reporting zero wages cannot serve as claims for refund because they fail to include information upon which a tax could be

calculated."); *Hamzik v. United States*, 64 Fed.Cl. 766, 768 (2005) ("Plaintiff's Form 1040 is replete with zeros in response to most inquiries—except the amount of tax withheld and refund claimed—and thus failed to include any reliable information upon which the IRS could accurately calculate his taxes, or the amount of taxes he owed or had overpaid…. [and] under no circumstances can it be rationally construed as a return.") (internal quotation marks omitted); *Maruska v. United States*, 77 F. Supp. 2d 1035, 1039 (D. Minn. 1999) ("The Plaintiffs' return, replete with zeros in responses to all inquiries—except the amount of refund claimed—and containing no recitation of the Plaintiffs' wages or other income, is not a return for purposes of the tax laws."); *Ruble v. U.S. Gov. Dep't of Treasury*, 159 F. Supp. 2d 1381, 1383-84 (N.D. GA 2001) (because plaintiff's tax returns and amended tax returns included "a zero for her adjusted gross income, taxable income, and tax liability," they were "not properly executed tax returns that could constitute a refund claim.").

Here, Plaintiffs have (1) submitted amended individual income tax returns that replace the hundreds of thousands of dollars they claimed in income with $0, with no apparent explanation; (2) submitted tax returns that claim $0 of income, directly contradicting the information in their W-2s. (ECF No. 1-2 at 2, 11, 21, 25, 33, 35, 36, 38.) Their filings, like the filings in the above-cited cases, provide bare, unsupported, and directly contradicted claims about their income, from which no accurate tax calculation can be drawn. Plaintiffs' filings do not comply with 26 C.F.R. § 301.6402–2(b)(1)'s directive that a claim "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to appraise the Commissioner of the exact basis thereof," nor can they be considered "properly executed," in compliance with 26 C.F.R. § 301.6402–3(a)(5). "It is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code." *Waltner*, 679 F.3d at 1334 (citing *United States v. Moore*, 627 F.2d 830,

835 (7th Cir. 1980); *Florsheim Bros. Drygoods Co. v. United States*, 280 U.S. 453, 462 (1930); *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180 (1934)).

Plaintiffs cite *United States v. Long* for the proposition that "a return containing zeros on most of [its] lines and signed by the taxpayer without modifications" constitutes a valid return under Ninth Circuit precedent. (ECF No. 16 at 6, citing *United States v. Long*, 618 F.2d 74 (9th Cir. 1980)). *Long* concerned a tax protestor who submitted tax forms containing zeros in the spaces reserved for "income, tax, and tax withheld" and was subsequently convicted for willful failure to file income tax returns under a criminal statute (26 U.S.C. § 7203) that is not at issue here. In *Long*, the Ninth Circuit ultimately held that the government, which had destroyed the defendant's tax records, had failed to prove the elements of the offense. *Long*, 618 F.2d at 76. *Long* says nothing about § 7422(a), federal jurisdiction, or the waiver of sovereign immunity. It is inapposite to the present case and provides no basis for establishing federal jurisdiction over Plaintiffs' claims.

Plaintiffs also suggest that their Letter of Disallowance provides an independent basis for this Court's subject matter jurisdiction, but this is incorrect. (ECF No. 16 at 6.) The IRS does not have the power to waive the United States' sovereign immunity. The power to waive federal sovereign immunity lies with Congress alone. *Block v. North Dakota*, 461 U.S. 273, 281 (1983). Absent such a waiver, suits against the United States cannot progress in federal court. The question before the Court is whether the scope of Congress's waiver of sovereign immunity covers the situation in which Plaintiffs find themselves. It does not.

//
//
//
//

**IV.     CONCLUSION**

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 12) is granted.

It is further ordered that Plaintiffs' Complaint (ECF No. 1) is dismissed.

The Court Clerk is directed to enter judgment accordingly and close this case.

Dated this 18th day of January 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE